IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHA FINANCIAL MORTGAGE, INC., | : | |
| BROWNSVILLE GROUP LTD, EARNEST | : | Civil No. 2:09-cv-00814-CB |
| E. LIGGETT, MARILYN LIGGETT, and | : | |
| MANOR INVESTMENT LTD, | : | Magistrate Judge Cathy Bissoon |
| | : | |
| Plaintiffs, | : | |
| | : | Electronically Filed |
| vs. | : | |
| | : | |
| DONALD A. BAUGH, individually and | : | |
| officially, BROWNSVILLE AREA | : | |
| REVITALIZATION CORPORATION, | : | |
| ANDREW P. FRENCH, individually and | : | |
| officially, RAYMOND C. POLASKI, | : | |
| individually and officially, PROJECT | : | |
| B.R.I.G.H.T. TOMORROW, | : | |
| REDEVELOPMENT AUTHORITY OF | : | |
| THE COUNTY OF FAYETTE, NORMA J. | : | |
| RYAN, individually and officially, TRACY | : | |
| SHEEHAN ZIVKOVICH, individually and | : | |
| officially, | : | |
| | : | |
| Defendants. | : | |

JOINT BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' COMPLAINT AND IMPROVIDENTLY FILED AMENDMENT

Defendants, Tracy Sheehan Zivkovich ("Zivkovich"), Norma J. Ryan ("Ryan"), in their

individual and official capacities, and Brownsville Area Revitalization Corporation ("BARC"),

(collectively, the "Defendants"), by and through their counsel, file the within Joint Brief in

Support of Motion to Dismiss Plaintiffs' Complaint and Improvidently Filed Amendment

pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    HISTORY OF THE CASE

On or about March 4, 2009, Plaintiffs Alpha Financial Mortgage, Inc., Brownsville

Group, Ltd., Ernest E. Liggett, Marilyn Liggett and Manor Investments Ltd. filed a Complaint in

{DocNo=00098099.1 }

the Fayette County Court of Common Pleas against the eight defendants named therein.  The

defendants, including BARC, Ryan and Zivkovich, filed for removal of Plaintiff's Complaint to

the District Court for the Western District of Pennsylvania on April 6, 2009, which was granted.

Subsequently, the Defendants filed a motion to dismiss Plaintiffs' Complaint pursuant to Federal

Rule of Civil Procedure  41(b), which was granted by the Honorable Nora Barry Fischer on May

11, 2009 (a true and correct copy of this Order is attached hereto as Exhibit "A").

On or about May 27, 2009, Plaintiffs re-filed their Complaint with the Fayette County

Court of Common Pleas.  Plaintiff improperly filed an Amended Complaint on June 9, 2009,

adding two (2) additional Plaintiffs, John P. McGrath and Elizabeth A. McGrath.  The Complaint

names the original eight (8) defendants, including the three (3) Defendants represented here.

The Defendants filed Preliminary Objections seeking dismissal of the re-filed Complaint

because it was barred by the doctrine of res judicata, failed to conform to a rule of law or court

pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2); lacked sufficient factual specificity

pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(3); was legally insufficient pursuant to

Pennsylvania Rule of Civil Procedure 1028(a)(4); and because the Plaintiffs' lacked capacity to

sue pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(5).  On June 22, 2009 Defendants

Redevelopment Authority of the County of Fayette, Donald A. Baugh, Andrew P. French and

Raymond C. Polaski ("Co-Defendants") asserted that federal questions were raised by the

complaint and removed Plaintiff's Complaint to the District Court for the Western District of

Pennsylvania.

As an initial matter, the Complaint is nearly impossible to decipher.  Plaintiffs' stream of

consciousness presentation denies the Defendants notice of specific causes of action and against

which Defendants such causes are brought.  It is also significant that Plaintiffs were previously

dismissed from Federal Court for failure to follow the Rules and Orders of the Court and thus failing to prosecute its case.  It is not the job of the Defendants to decipher and "fix" Plaintiffs' failures to plead in accordance with even the minimal pleading standards.

Plaintiffs' improper amendment failed to meet the requirements of Pennsylvania Rule of Civil Procedure 1033.  Even if that attempt to amend was proper, the Complaint should still be dismissed by this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state any claims upon which relief may be granted.

The Defendants now file this Brief in Support of Motion to Dismiss asserting that Plaintiffs' Complaint and the improvidently filed amended Complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    STATEMENT OF QUESTIONS INVOLVED

A.    Whether a viable federal question is raised by the Complaint or Amended Complaint such that the Federal Court has proper subject matter jurisdiction?

**Suggested Answer: Yes.**

B.    Whether Plaintiffs' Amended Complaint filed without leave of court or consent of the parties fails to conform to a law or rule of court pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2) and must be dismissed in its entirety and/or stricken?

**Suggested Answer:   Yes.**

C.    Whether Plaintiffs' Complaint should be dismissed in its entirety as Plaintiffs are precluded from filing suit pursuant to the doctrine of res judicata?

**Suggested Answer:   Yes.**

D.    Whether Count I of Plaintiffs' Complaint and Amended Complaint, attempting to set forth a cause of action for "loss of all economic benefit" not recognized in Pennsylvania, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) due to its failure to allege facts with sufficient specificity, its legally insufficiency and its failure to set forth a recognized cause of action?

**Suggest Answer:      Yes.**

E.     Whether Count II of Plaintiffs' Complaint and Amended Complaint, alleging civil conspiracy, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) due to its legal insufficiency?

**Suggested Answer:   Yes.**

F.     Whether Count III of Plaintiffs' Complaint and Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as being legally insufficient to set forth a claim under the Invasion of Privacy statutes?

**Suggested Answer:   Yes.**

G.     Whether Count IV of Plaintiffs' Complaint and Amended Complaint, sounding in trespass, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) due to its legal insufficiency?

**Suggested Answer:   Yes.**

H.     Whether Count V of Plaintiffs' Complaint and Amended Complaint, sounding in negligence must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) due to its factual inspecificity and its legal insufficiency?

**Suggested Answer:   Yes.**

I.     Whether Count VI of Plaintiffs' Complaint and Amended Complaint, sounding in conversion, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) due to its factual inspecificity and its legal insufficiency?

**Suggested Answer:   Yes.**

J.     Whether Plaintiffs' claims in the Complaint and Amended Complaint against Defendants Norma J. Ryan and Tracy Sheehan Zivkovich must be dismissed, according to the immunity afforded them under the Political Subdivision Tort Claims Act, as lacking the requisite factual specificity and legal sufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6)?

**Suggested Answer:   Yes.**

K.     Whether Plaintiffs' claims in the Complaint and Amended Complaint against Defendants Norma J. Ryan and Tracy Sheehan Zivkovich in their official capacities must be dismissed as lacking the requisite factual specificity and legal sufficiency and must be stricken.

**Suggested Answer:   Yes.**

L.     Whether Plaintiffs' request for punitive damages in Counts I-IV and VI of the Complaint and Amended Complaint are legally insufficient pursuant to Federal Rule of Civil Procedure 12(b)(6) and must be stricken?

**Suggested Answer:   Yes.**

M.     Whether Plaintiffs' request for attorneys' fees in Counts I-IV and VI of the Complaint and Amended Complaint are legally insufficient pursuant to Federal Rule of Civil Procedure 12(b)(6) and must be stricken?

**Suggested Answer:   Yes.**

### III.    ARGUMENT

**A.    Plaintiffs' Complaint and Amended Complaint raise or attempt to raise federal questions over which this Court has subject matter jurisdiction, and the federal claims as pled fail as a matter of law.**

Defendants incorporate by reference the arguments of Defendant Redevelopment Authority on the issues of this Court's jurisdiction over the subject matter of the Complaint or Amended Complaint.  Specifically, the Defendants incorporate Sections II(A), II(B), IV(B), IV(C), and IV(D) of the Memorandum in Support of Motion to Dismiss filed by the Redevelopment Authority of the County of Fayette.

**B.    Plaintiffs' Amended Complaint must be dismissed and/or stricken in its entirety for failure to conform to a rule or law of court pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2).**

Under Pennsylvania law, to amend a previously filed complaint a party must obtain either the "filed consent of the adverse party or leave of court."  Pa.R.C.P. 1033.  Prior to mailing copies of the Amended Complaint to all defendants on or about June 9, 2009, Plaintiffs failed to obtain and file consent of all defendants, and they did not obtain leave of court to amend the original Complaint prior to filing.  Additionally, Plaintiffs failed to properly amend the caption of the Amended Complaint to reflect the addition of the two (2) additional plaintiffs.  As such, Plaintiffs' Amended Complaint was improperly filed and must be dismissed and/or stricken in its entirety due to its failure to conform to a law or rule of court pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2).

**C.    Plaintiffs' Complaint is barred by the doctrine of res judicata.**

Plaintiffs' claims are barred by the doctrine of res judicata as a result of the previous dismissal of the Complaint pursuant to Rule 41(b).  The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."  In

re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).  The doctrine protects parties from the burden of relitigating identical issues with the same party or his privy and promotes judicial economy by preventing needless litigation." Id.    (citation omitted).   Under federal law courts apply res judicata or claim preclusion where: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id.   Likewise, under Pennsylvania law, the doctrine of res judicata applies where there is "[a] final valid judgment upon the merits by a court of competent jurisdiction bar[ring] any future suit between the same parties or their privies on the same cause of action." Scott v. Mershon, 441 Pa. Super. 551, 657 A.2d 1304, 1306 (Pa. Super. Ct. 1995) (quoting Mintz v. Carlton House Partners, Ltd., 407 Pa. Super. 464, 595 A.2d 1240, 1245 (Pa. Super. Ct. 1991)).  In applying the doctrine of res judicata, the current action and a former action must have the following in common: (1) the identity of the thing sued upon; (2) the identity of the cause(s) of action; (3) the identity of the parties; and (4) the identity of the capacity of the parties. Stoeckinger v. Presidential Fin. Corp. of Delaware Valley, 2008 PA Super 95, 948 A.2d 828, 832 (Pa. Super. Ct. 2008) (citing Dempsey v. Cessna Aircraft Co., 439 Pa. Super. 172, 653 A.2d 679, 681 (Pa. Super. Ct. 1995)); Scott, 657 A.2d at 1306.

Plaintiffs' May 27, 2009 Complaint asserts the same causes of action against the same defendants as did the Complaint the Plaintiffs previously filed on March 4, 2009.  Plaintiffs' March 4, 2009 Complaint was dismissed by this Court pursuant to Federal Rule of Civil Procedure 41(b).  Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or

> failure to join a party under Rule 19—operates as an adjudication
> <u>on the merits</u>.

Fed.R.Civ.P. 41(b) (emphasis added).  As stated in the Order issued by this Court, Plaintiffs'

March 4, 2009 Complaint was dismissed for a failure to prosecute which, pursuant to Federal

Rule of Civil Procedure 41(b), serves as an adjudication <u>on the merits</u>.  <u>See</u> Exhibit "A."

The claims advanced in Plaintiffs' Complaint filed on May 27, 2009, meet all of the

elements of the doctrine of res judicata.  The May 27, 2009 Complaint contains the same identity

of the thing sued upon, the same causes of action, the same identity of the five Plaintiffs and the

same eight defendants in their exact same capacities as the originally filed and subsequently

dismissed complaint.  Accordingly, the original five Plaintiffs must be barred from filing the

within suit pursuant to the doctrine of res judicata.

D.    <u>**Count I of Plaintiffs' Complaint and Amended Complaint must be dismissed in its
      entirety due to its factual inspecificity and legal insufficiency pursuant to Federal
      Rule of Civil Procedure 12(b)(6).**</u>

It must first be noted that Count I of Plaintiffs' Complaint and Amended Complaint,

entitled "loss of all economic benefit," is not a recognized cause of action under either

Pennsylvania law or federal law.  Aside from the fact that Count I fails to state a cause of action,

it violated Pennsylvania Rule of Civil Procedure 1019(a), which requires that "the material facts

on which a cause of action or defense is based shall be stated in a concise and summary form."

Pa.R.C.P. 1019(a).  The purpose of Pennsylvania Rule of Civil Procedure 1019(a) is to enable

parties to decipher the claims and defenses that are being asserted.  <u>Krajsa v. Keypunch, Inc.</u>,

424 Pa. Super. 230, 622 A.2d 355, 357 (Pa. Super. Ct. 1993).  Likewise, had it been filed in

Federal Court Plaintiffs' Count I would have violated Federal Rule of Civil Procedure 8 which

requires that a claim for relief contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."

Because Plaintiffs fail to concisely and clearly state a recognized cause of action in Count I of the Complaint, Defendants are not on notice as to the specific claims they are to defend. Plaintiffs make no pertinent, timely allegations as to Defendants Ryan or Zivkovich in their individual or official capacities, nor do they make any such claim with respect to BARC.

To the extent that Count I is stating a tort claim against Defendants Ryan or Zivkovich in their capacities as Borough officials, both are immune from any such liability pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541.  Pursuant to 42 Pa.C.S. § 8545, "[a]n employee [which includes an elected official] of a local agency [which includes a Borough] is not liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties" to the same extent that the local agency enjoys immunity from liability.  42 Pa.C.S. § 8545.  Because none of the narrow exceptions to the immunity of political subdivisions and their employees acting in their official capacities would apply here, Defendants Ryan and Zivkovich are not liable to Plaintiffs for any of the allegations stated in Count I.  <u>See</u> 42 Pa. C. S. §8542.

Even taking as true Plaintiffs' nonsensical allegations in Count I of the Complaint and Count I of the improperly filed Amended Complaint, Plaintiffs still fail to state a claim upon which relief may be granted.  Accordingly, Count I of Plaintiffs' Complaint must be dismissed for both its factual inspecificity and its legal insufficiency.

E.    **Count II of Plaintiffs' Complaint and Amended Complaint must be dismissed in its entirety due to its legal insufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6).**

Count II of Plaintiffs' Complaint and Amended Complaint sets forth a claim sounding in conspiracy against an unspecified number of Defendants.  In order to establish a conspiracy claim under Pennsylvania law:

> It must be shown that two or more persons combined or agreed with the intent to do an unlawful act or to do an otherwise lawful act by unlawful means.  Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification.  Furthermore, a conspiracy is not actionable until some overt act is done in pursuance of the common purpose or design . . . and actual legal damages results.

Lackner v. Glosser, 2006 PA Super 14, 892 A.2d 21, 34-35 (Pa. Super. Ct. 2006) (internal citations omitted).  Additionally, "[a] single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." Grose v. Procter & Gamble Paper Products, 2005 PA Super 8, 866 A.2d 437, 441 (Pa. Super. Ct. 2005).

After reviewing Plaintiffs' Complaint, it is apparent that Plaintiffs have failed to allege the existence of all the elements necessary for a cause of action sounding in conspiracy. Specifically, Plaintiffs' Complaint fails to allege the manner in which Defendants Ryan, Zivkovich and BARC combined or agreed with intent to do an unlawful act, and particularly, fails to set forth any unlawful act(s).

Instead, Plaintiffs merely assert USA Cycling's decision not to relocate to the Borough of Brownsville, along with Defendants' alleged interference with the publicly endorsed, privately financed Brownsville Marketplace Project as evidence of conspiracy.  (Complaint ¶¶ 47, 51, 63(b)(1)).  Specifically, with regard to the Marketplace Project, Defendants (unspecified as to which or whom) "intentionally ignore[ed] and obstruct[ed] Plaintiff('s)(s') viable, publicly endorsed, privately financed" Marketplace Project.  (Complaint ¶ 63(b)(1)).  Nowhere in this allegation is there a statement of an unlawful act undertaken by the Defendants, nor is there an allegation of a lawful act that was undertaken by unlawful means that led to the failure of the Marketplace Project.  Defendants, as public officials of the Borough of Brownsville, non-profit corporations and individuals residing in Brownsville, have no obligation to support or aid

privately financed projects within the community. Plaintiffs have asserted that Defendants' alleged acts to interfere with the Marketplace Project have exhibited that:

> [A]n ongoing conspiracy existed between the Defendant(s) and other persons presently unknown to the Plaintiff(s), to among other things, utilize their respective powers and authority; exploit means of digital, electronic, verbal and written communication to demonize the Plaintiff(s); infiltrate, influence and/or control every aspect of the public/private process in Brownsville, Fayette County, and the State; to tortuously interfere with and commercially disparage the Plaintiff(s) as defined by Pennsylvania common law; and stop the Plaintiff('s)(s') project one way or the other as corroborated by the events that follow.

(Complaint ¶ 52).

The events that follow Complaint Paragraph 52, although wholly inapplicable to support a conspiracy claim, are barred by the applicable statute of limitations. For conspiracy claims, Pennsylvania uses the statute of limitations that applies to the "overt act" underlying the conspiracy. Evans et al. v. Phila. Newspapers, Inc., 22 Phila. Co. Rptr. 25, 36 (Pa. Com. Pl. 1991). Although Plaintiffs fail to make any overt act clear in Count II of the Complaint, it appears the overt acts would be those of defamation and tortious interference with business relations. Defamation, in the form of slander or libel, has a one (1) year statute of limitations in Pennsylvania. 42 Pa.C.S. § 5523(1). Tortious interference with business relations has a two (2) year statute of limitations in Pennsylvania. 52 Pa.C.S. § 5524(7).

To the extent that Count II is stating a conspiracy claim against Defendants Ryan or Zivkovich in their capacities as Borough officials, both are immune from any such liability pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541. Pursuant to 42 Pa.C.S. § 8545, "[a]n employee [which includes an elected official] of a local agency [which includes a Borough] is not liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties" to the same extent that

the local agency enjoys immunity from liability.  42 Pa.C.S. § 8545.  Because none of the narrow

exceptions to the immunity of political subdivisions and their employees acting in their official

capacities would apply here, Defendants Ryan and Zivkovich are not liable to Plaintiffs for any

of the allegations stated in Count II.  See 42 Pa. C. S. §8542.

Aside from the fact that Plaintiffs failed to identify, in either version of the Complaint,

two (2) persons who carried out an alleged conspiracy, Plaintiffs fail to allege any overt act that

occurred (other than innocuous e-mail exchanges) and have shown no harm or legal damage that

resulted from this supposed "conspiracy."

Even taking the allegations in the improperly filed Amended Complaint as true, Plaintiffs

still fail to cure the legal insufficiency of Count II of the Complaint.  As such, Plaintiffs have

failed to satisfy any of the elements of a conspiracy claim and Count II of the Complaint is

legally insufficient and must be dismissed with prejudice pursuant to Federal Rule of Civil

Procedure 12(b)(6).

**F.**     **Count III of Plaintiffs' Complaint and Amended Complaint must be dismissed in its
          entirety due to its legal insufficiency pursuant to Federal Rule of Civil Procedure
          12(b)(6).**

Count III of Plaintiffs' Complaint and Amended Complaint attempts to state a claim

under Pennsylvania's Invasion of Privacy statutes; however, Plaintiffs fail to identify which

specific invasion of privacy statute the Defendants have allegedly violated.  The following four

(4) distinct causes of action exist under Pennsylvania's invasion of privacy laws: 1) intrusion

upon seclusion; 2) appropriation of name or likeness; 3) publicity given to private life; and 4)

publicity placing a person in false light.  Neish v. Beaver Newspapers, Inc., 398 Pa. Super. 588,

581 A.2d 619, 624 (Pa. Super. Ct. 1990).  Based upon Plaintiffs' factually vague and legally

insufficient cause of action, Plaintiffs' claim sounding in invasion of privacy should be dismissed in its entirety.

First it must be noted that corporations possess "no equality with individuals in the enjoyment of a right to privacy." United States v. Morton Salt Co., 338 U.S. 632, 70 S. Ct. 357, 94 L. Ed. 401 (1950). In the present matter, Plaintiffs Alpha Financial Mortgage, Inc., Brownsville Group, Ltd., and Manor Investments, Ltd., have no cause of action for invasion of privacy. The Restatement (Second) of Torts § 652I, which has been adopted in Pennsylvania, addresses invasion of privacy with regard to corporations:

> § 652I.  Personal Character of Right of Privacy
>
> Except for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded.

Restatement (Second) of Torts § 652I.  (emphasis added).  The only potential invasion of privacy claim with respect to Plaintiffs Alpha Financial Mortgage, Inc., Brownsville Group, Ltd., and Manor Investments, Ltd., is a claim for appropriation of name or likeness of a business entity. Plaintiffs have asserted no facts to allege that any of the Defendants misused or misappropriated the name or likeness of Plaintiffs Alpha Financial Mortgage, Inc., Brownsville Group, Ltd. and Manor Investments, Ltd.  No cause of action pursuant to Pennsylvania's invasion of privacy statutes can be sustained as to these three (3) Plaintiffs.

Additionally, Plaintiffs Ernest E. Liggett, Marilyn Liggett, John P. McGrath and Elizabeth A. McGrath's claim for invasion of privacy must also fail.  The Pennsylvania Superior Court in Rush v. Philadelphia Newspapers, Inc., 1999 PA Super 141, 732 A.2d 648 (Pa. Super. Ct. 1999), addressed invasion of privacy, holding that a cause of action for invasion of privacy "will be found where a major misrepresentation of a person's character, history, activities or

beliefs is made that could reasonably be expected to cause a reasonable man to take serious offense." Id. at 654 (quoting Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997)). Taking all of the facts alleged in Plaintiffs' Complaint, no such misrepresentation has occurred.

Plaintiffs claim that Defendants have "exposed Plaintiff('s)(s') private information to the public at large" by, among other things, "post[ing] pictures and information" on various websites without first obtaining the authorization of the Plaintiffs. (Complaint ¶¶ 67, 73). Because no invasion of privacy tort was specifically alleged in Plaintiffs' Complaint, the Defendants will only address the tort of publicity given to private life, which is the only invasion of privacy tort that Plaintiffs could potentially support given the facts stated in the Complaint.

The elements of the privacy tort of publicity given to private life are "publicity, given to private facts, which would be highly offensive to a reasonable person and which are *not* of legitimate concern to the public." Rush, 732 A.2d at 654 (emphasis added). In Rush, a husband and wife were named as beneficiaries of patronage contracts in several newspaper articles, and subsequently brought an action against the newspaper for invasion of privacy. Id. at 650. The wife was a member of a school board and her husband was an owner of a business which contracted with the school district to provide vending services. Id. The court found that the information set forth in the newspaper article was a matter of legitimate concern to the general public. Id. at 654. Ultimately, the court went on to hold "that the general public has an interest in and a right to know about their public school system," and therefore, denied that an invasion of privacy had occurred. Id.

In Jenkins v. Bolla, the Pennsylvania Superior Court addressed the difference between private facts and public facts. 411 Pa. Super. 119, 600 A.2d 1293 (Pa. Super. Ct. 1992). In

Jenkins, the appellant was the operator of a boarding house and the Bucks County Courier Times published newspaper articles referring to Jenkins's multiple convictions for moral crimes. Jenkins, 600 A.2d at 1295. Jenkins filed a claim for invasion of privacy and in addressing private versus public facts, the court stated:

> The disputed element in this case is whether the convictions and commitment amount to private facts. A private fact is one that has not already been made public. Jenkins first argues that his convictions were initially made public upon their publication by the Courier Times in 1979. This argument is without merit because Jenkins has misunderstood the nature of a public fact. A fact contained within a public record is deemed a public fact. A public record is one necessarily kept in the discharge of duties imposed by law; any writing prepared, used or retained by an agency in pursuance of law or in connection with the transaction of public business is a public record. In this case, Jenkins's convictions were part of the public court records of Bucks County. As such, his convictions were facts of legitimate concern to the public and available to the public for inspection.

Id. at 1296 (internal citations omitted).

In the matter at hand, Plaintiffs allege they followed an "acquisition premise" to purchase a significant portion of Brownsville's downtown vacant commercial structures and other properties located throughout the Borough. (Complaint ¶ 23). In fact, Plaintiffs purchased over 100 properties in Brownsville, Pennsylvania. Given the significant purchase of property in Brownsville, Pennsylvania, Plaintiffs' actions with respect to the Brownsville properties they own are of legitimate public concern to the community.

Similar to the convictions that were of public record in Jenkins, so too is the Plaintiffs' ownership of approximately 100 properties in Brownsville, Pennsylvania. Plaintiffs have deeds for each property they own which are entirely searchable by any person, company or corporation. Any website owned or maintained by Defendants that identifies Plaintiffs' ownership of various

Brownsville properties is merely stating a fact of public record, not bringing a private fact into public light, as Plaintiffs maintain. (Complaint ¶ 73).

Specifically, Plaintiffs allege "the Defendant(s) maintain websites . . . which contain images, visual representations and pictures . . . and inflammatory media program information . . . representing or relating to the Plaintiff('s)(s') Brownsville properties . . . ." (Complaint ¶ 66). Not only is the record of property ownership a public fact, but any and all images, visual representations and pictures of that property from the outside are public information as well. Plaintiffs' buildings are visible to the public and can be observed by any individual from the public streets of Brownsville, Pennsylvania. Those things which a plaintiff leaves visible to the public eye cannot be the basis of an invasion of privacy action. Harris by Harris v. Easton Pub. Co., 335 Pa. Super. 141, 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984).

At most, Defendants gave further publicity to those facts regarding the Plaintiffs that were already public and were already a matter of legitimate public concern, which the Restatement (Second) of Torts expressly states cannot be considered a violation of the Invasion of Privacy statutes. Restatement (Second) of Torts § 652D cmt. b.

In Count III of the Complaint, Plaintiffs also complain about code enforcement and the mention of pending litigation by the Borough of Brownsville against Plaintiffs. (Complaint ¶ 68). Code enforcement and any resulting citations/litigation is not only a matter of public record, but is also clearly of legitimate concern to the public. In further support of this assertion, the United States Supreme Court in Cox Broad. Corp. v. Cohn held that things such as the commission of a crime and the resulting judicial proceedings are of a legitimate public concern. 420 U.S. 469, 492, 95 S. Ct. 1029, 43 L. Ed. 2d. 328 (1975). The further recognized that a

person's privacy interests may "fade" once the otherwise protected information is disclosed in

the public record, as legal proceedings are.  Cox Broad. Corp., 420 U.S. at 494-95.

Finally, it can be argued that Plaintiffs Ernest and Marilyn Liggett have voluntarily

become public figures through their actions with respect to the properties they own and maintain

in Brownsville, Pennsylvania.  The Restatement (Second) of Torts § 652D states as follows:

> e. Voluntary public figures.  One who voluntarily places himself in the public eye,
> by engaging in public activities, or by assuming a prominent role in institutions or
> activities having general economic, cultural, social or similar public interest, or by
> submitting himself or his work for public judgment, cannot complain when he is
> given publicity that he has sought, even though it may be unfavorable to him.  So
> far as his public appearances and activities themselves are concerned, such an
> individual has, properly speaking, no right of privacy, since they are no longer his
> private affairs.

Restatement (Second) of Torts § 652D cmt. e.  Plaintiffs have made themselves voluntary public

figures not only by purchasing over 100 buildings in Brownsville, Pennsylvania, but also by

publicizing their investment proposals to the Pennsylvania Government and the public-at-large.

(Complaint  ¶¶ 29, 32, 40, 41, 44, 47, 49, 50, 53).

To the extent that Count III is stating an invasion of privacy tort against Defendants Ryan

or Zivkovich in their capacities as Borough public officials, it should be noted that they are

immune from any such liability pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S.

§ 8541.  Pursuant to 42 Pa.C.S. § 8545, "[a]n employee [which includes an elected official] of a

local agency [which includes a Borough] is not liable for civil damages on account of any injury

to a person or property caused by acts of the employee which are within the scope of his office or

duties" to the same extent that the local agency enjoys immunity from liability.  42 Pa.C.S. §

8545.  Because none of the narrow exceptions to the immunity of political subdivisions and their

employees acting in their official capacities would apply here, Defendants Ryan and Zivkovich

are not liable to Plaintiffs for any of the allegations stated in Count III.  See 42 Pa. C. S. §8542.

Even taking as true the allegations contained in Count III of the improperly filed Amended Complaint, Plaintiffs still fail to cure the defects present in Count III of the Complaint. Accordingly, Plaintiffs' Complaint has failed to plead a cause of action under any invasion of privacy tort, and specifically under the tort of publicity given to private life.   Plaintiffs' claim sounding in invasion of privacy against Defendants Ryan, Zivkovich and BARC must be dismissed with prejudice for its legal insufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6).

**G.      Count IV of Plaintiffs' Complaint must be dismissed in its entirety due to its legal insufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6).**

Plaintiffs have asserted a trespass claim against certain unspecified Defendants.  After a close examination of Plaintiffs' Complaint, it is apparent that Plaintiffs have failed to allege a claim of trespass against Defendants Ryan, Zivkovich and BARC.

Nowhere in the Complaint do Plaintiffs allege that Defendants Zivkovich or any individual acting on behalf of BARC (including Defendant Ryan) set foot on Plaintiffs' real property without first obtaining Plaintiffs' permission.  Accordingly, no trespass claim can lie with respect to these two (2) Defendants.

Additionally, Plaintiffs support their trespass claim against Defendant Ryan in her official capacity by citing only a <u>single</u> occurrence.  The alleged trespass occurred on March 18, 2005, when Plaintiffs allege Defendant Ryan, as Mayor of Brownsville, entered the Eckerd Drug Store located in a building owned by unidentified Plaintiff(s).  (Complaint ¶ 80).  Allegedly, Defendant Ryan, accompanied by two (2) men, inspected the building without Plaintiffs' prior knowledge or permission.  (Complaint ¶ 80).  Not only are Plaintiffs' claims against Ryan barred by the applicable two (2) year statute of limitations pursuant to 42 Pa.C.S. § 5524(4), but they are also

wholly irrelevant and inappropriate, since the Eckerd Drug Store was open to the general public. Defendant Ryan did not need Plaintiffs' permission to enter a store that was open to the general public, even if that store happened to be a tenant in one of Plaintiffs' buildings.

Furthermore, it has long been the law in Pennsylvania that the measure of damages in a trespass to real property action is the cost of repairing the injury to the land.  Robb v. Carnegie Bros. & Co., 145 Pa. 324, 22 A. 649, 651-52 (1891).  Plaintiffs have not alleged any such injury to their building or land for which they would even be eligible to recover had a trespass to real property been properly pled in the Complaint.

To the extent that Count IV is stating a trespass claim against Defendants Ryan or Zivkovich in their capacities as Borough public officials, it should be noted that they are immune from any such liability pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541. Pursuant to 42 Pa.C.S. § 8545, "[a]n employee [which includes an elected official] of a local agency [which includes a Borough] is not liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties" to the same extent that the local agency enjoys immunity from liability.  42 Pa.C.S. § 8545.  Because none of the narrow exceptions to the immunity of political subdivisions and their employees acting in their official capacities would apply here, Defendants Ryan and Zivkovich are not liable to Plaintiffs for any of the allegations stated in Count IV.  See 42 Pa. C. S. §8542.

Even taking as true to allegations contained in Count IV of Plaintiffs' improperly filed Amended Complaint, Plaintiffs still fail to cure the defects present in Count IV of the Complaint. Accordingly, Defendants Ryan, Zivkovich and BARC respectfully request that Count IV of Plaintiffs' Complaint be dismissed for failure to state a claim upon which relief can be granted.

**H.**   **Count V of Plaintiffs' Complaint must be dismissed due to its factual inspecificity and its legal insufficiency.**

In the Complaint, Plaintiffs set forth a claim sounding in negligence against an unspecified group of Defendants.  Plaintiffs fail to do anything more than plead a <u>single</u> paragraph alleging negligence that states, "Defendant(s) had a duty of care, breached their duty, Plaintiff(s) have been injured and such breach was the proximate cause of Plaintiff('s)(s') injury."  (Complaint ¶ 83).

Under Pennsylvania law, a plaintiff alleging negligence has the burden of establishing the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.  <u>Estate of Swift v. Ne. Hosp. of Philadelphia</u>, 456 Pa. Super. 330, 690 A.2d 719, 722 (Pa. Super. Ct. 1997).  The establishment of a breach of a legal duty can be considered a condition precedent to pleading a successful negligence claim.  <u>Estate of Swift</u>, 690 A.2d at 722 (citing <u>Shaw v. Kirschbaum</u>, 439 Pa. Super. 24, 653 A.2d 12, 25 (Pa. Super. Ct. 1994)).

Defendants Ryan, Zivkovich and BARC assert that Plaintiffs have not and cannot plead a legal duty owed to Plaintiffs by Defendants.  The Superior Court has addressed the finding of a duty as follows:

> When considering the question of a duty, it is necessary to determine "whether a defendant is under any obligation for the benefit of the particular plaintiff . . . and, unless there is a duty upon the defendant in favor of the plaintiff which has been breached, there can be no cause of action based upon negligence."

<u>J.E.J. v. Tri-County Big Bros./Big Sisters, Inc.</u>, 692 A.2d 582, 584 (Pa. Super. Ct. 1997) (quoting <u>Hoffman v. Sun Pipe Line Co.</u>, 394 Pa. Super. 109, 575 A.2d 122, 125 (Pa. Super. Ct. 1990)).

Plaintiffs' Complaint fails to set forth with specificity even a <u>single</u> legal duty Defendants BARC, Ryan and Zivkovich owed to Plaintiffs.  Furthermore, Plaintiffs' one paragraph

negligence count fails to allege any facts that could even establish a legal duty owed to Plaintiffs by Defendants Ryan, Zivkovich and BARC.

To the extent that Count V is stating a negligence claim against Defendants Ryan or Zivkovich in their capacities as public officials of the Borough, it should be noted that they are immune from any such liability pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541.  Pursuant to 42 Pa.C.S. § 8545, "[a]n employee [which includes an elected official] of a local agency [which includes a Borough] is not liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties" to the same extent that the local agency enjoys immunity from liability.  42 Pa.C.S. § 8545.  Because none of the narrow exceptions to the immunity of political subdivisions and their employees acting in their official capacities would apply here, Defendants Ryan and Zivkovich are not liable to Plaintiffs for any of the allegations stated in Count V.  See 42 Pa. C. S. §8542.

The defects of Count V of Plaintiffs' Complaint are not cured even by taking into account Plaintiffs' improperly filed Amended Complaint.  Accordingly, Plaintiffs' negligence claim with respect to Defendants Ryan, Zivkovich and BARC should be dismissed with prejudice for its legal insufficiency and its factual inspecificity.

I.    **Count VI of Plaintiffs' Complaint and Amended Complaint must be dismissed due to its factual inspecificity and its legal insufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6).**

Count VI of Plaintiffs' Complaint and Amended Complaint alleges a cause of action for conversion against unspecified Defendants.  The Pennsylvania Supreme Court has defined conversion as "an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession."  Norriton E. Realty Corp. v. Cent.-Penn Nat. Bank, 435 Pa. 57, 254 A.2d 637, 638 (1969).  The Norriton court stated that acts

such as "acquiring possession," "transferring," "unreasonably withholding possession," or "seriously damaging or misusing" are all actions which, when committed with respect to the property of another, constitute the tort of conversion.  <u>Norriton E. Realty Corp.</u>, 254 A.2d at 638 (quoting Prosser, Torts § 15 (2d ed. 1955)).

Plaintiffs' single-paragraph conversion claim clearly fails to plead facts that could support any of the definitions of conversion above.  (Complaint ¶ 85).  Plaintiffs failed to show how Defendants Ryan, Zivkovich or BARC exercised any dominion or control over their properties, let alone within the relevant statutory period of the previous two (2) years.  Beyond Plaintiffs' failure to show any exercise of control by Defendants, Plaintiffs do not specify any damages they suffered directly stemming from Defendants' alleged conversion.   The aforementioned defects contained in Count VI of Plaintiffs' Complaint would not be cured even if the allegations contained in Plaintiffs' improperly filed Amended Complaint were taken as true.

To the extent that Count VI is stating a conversion claim against Defendants Ryan or Zivkovich in their official capacities, it should be noted that they are immune from any such liability pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541.  Pursuant to 42 Pa.C.S. § 8545, "[a]n employee [which includes an elected official] of a local agency [which includes a Borough] is not liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties" to the same extent that the local agency enjoys immunity from liability.  42 Pa.C.S. § 8545.  Because none of the narrow exceptions to the immunity of political subdivisions and their employees acting in their official capacities would apply here, Defendants Ryan and Zivkovich are not liable to Plaintiffs for any of the allegations stated in Count VI.  <u>See</u> 42 Pa. C. S. §8542.

Accordingly, Plaintiffs have failed to plead a proper cause of action for conversion, and Count VI of Plaintiffs' Complaint should be dismissed, with prejudice, due to its legal insufficiency and its factual inspecificity.

**J.**    **Plaintiffs' causes of action against Defendants Norma J. Ryan and Tracy Sheehan Zivkovich in their individual capacities must be dismissed as factually inspecific and legally insufficient pursuant to Federal Rule of Civil Procedure 12(b)(6) and must be stricken.**

Plaintiffs' Complaint and Amended Complaint names Defendants Ryan and Zivkovich in their individual and official capacities, but makes no distinction as to which counts apply to which capacities. Regardless, Defendants submit that Plaintiffs' Complaint does not allege any relevant, timely actions taken by either Ryan or Zivkovich to warrant liability in their individual capacities.

Pursuant to 42 Pa.C.S. § 8545, "[a]n employee of a local agency is <u>not liable</u> for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties" to the same extent that the local agency enjoys immunity from liability. 42 Pa.C.S. § 8545 (emphasis added). Nowhere do Plaintiffs specify any relevant, timely acts that Defendants Ryan or Zivkovich took that were outside the scope of their duties as current and former employees of the Borough of Brownsville to which individual liability could attach.

Acting as individuals, Plaintiffs fail to show how Ryan and Zivkovich's alleged "disregard" for Plaintiffs' property rights, depiction of Plaintiffs in an allegedly negative light in 2005, promotion of BARC and the Redevelopment Authority of the County of Fayette, and lack of support toward Plaintiffs' private development projects, such as the Marketplace Project or the

Velodrome Project, constitutes actions for which Ryan and Zivkovich are individually liable. (Complaint ¶¶ 51, 52, 55, 66, 80).

Even taking as true the allegations alleged in Plaintiffs' improperly filed Amended Complaint, Plaintiffs fail to assert any relevant, timely claims against Defendants Ryan and Zivkovich in their individual capacities.

**K.** **Plaintiffs' causes of action against Defendants Norma J. Ryan and Tracy Sheehan Zivkovich in their official capacities must be dismissed as factually inspecific and legally insufficient pursuant to Federal Rule of Civil Procedure 12(b)(6) and must be stricken.**

Plaintiffs' Complaint and Amended Complaint names Defendants Ryan and Zivkovich in their individual and official capacities, but makes no distinction as to which counts apply to which capacities.   Regardless, Defendants submit that Plaintiffs fail to allege any relevant, timely actions taken by either Ryan or Zivkovich to warrant liability in their official capacities as current or former officials of the Borough of Brownsville.

Pursuant to 42 Pa.C.S. § 8545, "[a]n employee of a local agency is <u>not liable</u> for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties" to the same extent that the local agency enjoys immunity from liability.  42 Pa.C.S. § 8545 (emphasis added).  Plaintiffs have failed to plead any causes of action that falls within the eight exceptions to immunity, allowing liability to be assessed against a political subdivision or its employees acting within the scope of their official duties. <u>See</u> 42 Pa. C.S. §8542.

Even taking as true the allegations alleged in Plaintiffs' improperly filed Amended Complaint, Plaintiffs still fail to assert any cognizable, relevant, timely claims against Defendants Ryan and Zivkovich in their official capacities.

**L.**    **Plaintiffs' request for punitive damages in Counts I-IV and VI of the Complaint and Amended Complaint is legally insufficient pursuant to Federal Rule of Civil Procedure 12(b)(6) and must be stricken.**

Counts I-IV and VI of Plaintiffs' Complaint and Amended Complaint improperly seek punitive damages. The Supreme Court of Pennsylvania has held that punitive damages may only be awarded for an act or a failure to act that is <u>outrageous</u>. <u>See</u> <u>Feld v. Merriam</u>, 506 Pa. 383, 485 A.2d 742 (1984) (emphasis added). To adequately establish punitive damages in a complaint, Plaintiffs must plead facts that show evil motive or reckless indifference to the rights of others. <u>See</u> <u>McDaniel v. Merck, Sharp & Dohme</u>, 367 Pa. Super. 600, 533 A.2d 436, 447-48 (Pa. Super. Ct. 1987) *appeal denied*, 551 A.2d 215 (Pa. 1988). Reckless indifference has been defined as requiring that "the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great to make it highly probable that harm would follow." <u>Evans v. Philadelphia Transp. Co.</u>, 418 Pa. 567, 212 A.2d 440 (1965).

Punitive damages may not be awarded for acts which would constitute ordinary negligence, such as mistake, inadvertence, or errors in judgment. <u>McDaniel</u>, 533 A.2d at 447. Pennsylvania courts have held that even gross negligence by the defendant is insufficient to permit the recovery of punitive damages. <u>See</u> <u>Harvey v. Hassinger</u>, 315 Pa. Super. 97, 461 A.2d 814, 817 (Pa. Super. Ct. 1983). As the <u>Martin</u> court stated, "[p]unitive damages are appropriate to punish and deter only extreme behavior and, even in the rare circumstances in which they are justified, are subject to strict judicial controls." <u>Martin v. Johns-Manville Corp.</u>, 508 Pa. 154, 494 A.2d 1088, 1096 (1985).

Plaintiffs' blanket allegations against Defendants BARC, Ryan and Zivkovich do not rise to the level of outrageous conduct as set forth in the Restatement. Even if the allegations to

{DocNo=00098099.1 }

support Plaintiffs' alleged causes of action were taken as true, they cannot be reasonably interpreted to establish that Defendants Ryan, Zivkovich and BARC acted with malice or an evil motive or intent directed towards Plaintiffs.  Plaintiffs allege that a bias or prejudice exists against their property ownership in Fayette County; however, alleging bias and prejudice is not sufficient to show the malice and ill-will that is required to sustain punitive damages.  Plaintiffs' Amended Complaint, even though improperly before this Court for its review, does not serve to cure any of the defects referenced herein with regard to Plaintiffs' unsupported claim for punitive damages.

Plaintiffs' claims for punitive damages in the Complaint should be dismissed/stricken with regard to Defendants BARC, Ryan and Zivkovich for their legal insufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6).

**M.**     **Plaintiffs' request for attorneys' fees in Counts I-IV and VI of the Complaint is legally insufficient pursuant to Federal Rule of Civil Procedure 12(b)(6) and must be stricken.**

In Counts I-IV and VI of the Complaint and Amended Complaint, Plaintiffs seek attorneys' fees.  Pennsylvania law does not provide for the recovery of attorneys' fees in prosecuting an action in the absence of statutory or contractual provisions.  See Slappo v. J's Dev. Associates, Inc., 2002 PA Super 18, 791 A.2d 409 (Pa. Super. Ct. 2002); see also Becker v. Borough of Schuylkill Haven, 200 Pa. Super. 305, 189 A.2d 764 (Pa. Super. Ct. 1963).  Rather, litigants must bear the expense of counsel as an incident to bringing suit.  Plaintiffs' Complaint is devoid of reference to any statutory right or contractual provision that would entitle Plaintiffs to the recovery of attorneys' fees for prosecuting the within causes of action.  Plaintiffs Amended Complaint, even though improperly before this Court for its review, does not serve to cure any of the defects referenced herein with regard to Plaintiffs' unsupported claim for attorneys' fees.

Accordingly, Defendants respectfully submit that Plaintiffs' request for attorneys' fees for prosecuting this action in Counts I-IV and VI of Plaintiffs' Complaint be dismissed for its legal insufficiency and/or stricken.

## IV.  INCORPORATION OF CO-DEFENDANTS' ARGUMENTS

Defendants incorporate by reference the arguments set forth in the Co-Defendants' Motion to Dismiss and Memorandum in Support.

## V.  CONCLUSION

Defendants, Norma Ryan, Tracy Sheehan Zivkovich, in their individual and official capacities, and Brownsville Area Revitalization Corporation respectfully request that this Honorable Court dismiss Plaintiffs' Complaint and Amended Complaint in their entirety.

CAMPBELL DURRANT BEATTY
PALOMBO & MILLER, P.C.


By: s/Neva L. Stanger
Neva L. Stanger
Pa. I.D. #. 62935

555 Grant Street, Suite 310
Pittsburgh, PA  15219
(412) 395-1280
nstanger@cdblaw.com

*Counsel for Defendants Norma J. Ryan and Tracey Sheehan Zivkovich*

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on August 7, 2009, I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, and served a copy of the foregoing via regular U.S. mail upon the following:

L.F. Grimm, Jr., Esquire
20 East Main Street
Carnegie, Pennsylvania 15106

*Counsel for Plaintiffs*

Project B.R.I.G.H.T. Tomorrow
33 Market Street
Brownsville, PA 15417

P. Gavin Eastgate, Esquire
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA 15219

*Counsel for Defendants Andrew P. French, Donald A. Baugh, Raymond C. Polaski, and Redevelopment Authority of the County of Fayette*

Stephen J. Magley, Esquire
O'Malley & Magley
5280 Steubenville Pike
Pittsburgh, PA 15205

*Counsel for Defendant Tracey Sheehan Zivkovich*

<u>Via U.S. Mail</u>:
Allan J. Wertz, Esquire
4 Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
*Counsel for Defendants Brownsville Area Revitalization Corporation, Norma J. Ryan and Tracy Sheehan Zivkovich*

By:   s/Neva L. Stanger
       Neva L. Stanger
       Pa. I.D. #. 62935

       555 Grant Street, Suite 310
       Pittsburgh, PA 15219
       (412) 395-1280
       nstanger@cdblaw.com

       *Counsel for Defendants Norma J. Ryan and Tracey Sheehan Zivkovich*