IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHA FINANCIAL MORTGAGE, INC., *et al.*, ) ) ) | | |
| Plaintiffs, ) ) | Civil Action No. 09-814 | |
| v. ) ) | Judge Fischer | |
| ) | Magistrate Judge Bissoon | |
| DONALD A. BAUGH, *et al.*, ) ) | | |
| Defendants. ) | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Defendants' Motions to Dismiss (Docs. 8 & 10) be denied, and that this case be remanded to state court for lack of federal subject matter jurisdiction.

**II. REPORT**

**BACKGROUND**

This Report addresses two substantially similar cases, filed in the Court of Common Pleas of Fayette County and removed to this Court. In the first case, initiated on approximately March 4, 2009, Plaintiffs filed a Complaint in state court, alleging that Defendants conspired to "[i]ntentionally usurp, . . . divest, acquire or otherwise control" Plaintiffs' properties in Brownsville, Pennsylvania. *See* Compl. (attached to Notice of Removal in Civil Action No. 09-385) at ¶ 20(a). Although Plaintiffs' remaining allegations are very difficult to follow, a media source who spoke with Plaintiffs' counsel described the lawsuit as involving Defendants' alleged interference in Plaintiffs' "failed plan to redevelop dilapidated Fayette

County properties" as part of a "multimillion dollar revitalization project for downtown Brownsville." *See* article at http://www.pittsburghlive.com/x/pittsburghtrib/news/regional/fayette/s_624728.html.[1]

In the first lawsuit, Plaintiffs specifically alleged jurisdiction under, among other things, 28 U.S.C. § 1331 and 42 U.S.C. § 1983. *See* Compl. in 09-385 at ¶¶ 16, 17. Defendants properly removed the action to this Court on the basis of federal question jurisdiction. *See* Notice of Removal in 09-385 at ¶ 6.

On May 11, 2009, the District Court dismissed the case for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Order (Doc. 15) in 09-385 at 2. District Judge Nora Barry Fischer explained that Plaintiffs' counsel had not provided the Court with an accurate mailing address, and he filed no response to a Show Cause Order regarding Plaintiffs' failure to prosecute. *See id.* at 1-2 ("[i]t [was] absurd" for the Court "to hold [the] case in abeyance indefinitely . . . because it [wa]s unable, through [counsel's] own fault," to determine whether Plaintiffs' "reasons for not prosecuting . . . [we]re reasonable") (citation to quoted source omitted).

Plaintiffs sought no further relief in Civil Action Number 09-385, nor did they appeal its dismissal to the Court of Appeals for the Third Circuit. Instead, Plaintiffs filed this second lawsuit in the Court of Common Pleas, against the same Defendants, restating nearly verbatim the allegations in their prior action. *See* Compl. in Civil Action No. 09-814 (attached as Exs. B & C to Notice of Removal (Doc. 1)). Deliberately omitted from the Complaint, however, are references to the federal statutes giving rise to this Court's jurisdiction in the first case.

---

[1] Given the difficulties presented by Plaintiffs' largely unintelligible factual averments, the undersigned cites the aforementioned media report by way of background only. The Court does not assume the veracity of the report, and it is referenced only for the purposes of context.

*See* "redline" comparison of Complaints in 09-385 and 09-814 (filed as Ex. B to Doc. 8 in 09-814) at ¶¶ 16-17 ("The jurisdiction of this Court is invoked ~~pursuant to 28 U.S. C. §§ 1331, 1343, and 1367; 18 U.S. C. §§ 1961-1968; 18 U.S.C. § 1951; 18 Pa.Cons.Stat. § 911, and 18 Pa.Cons.Stat. § 4910. . . . The~~**because the occurrences transpired in the County of Fayette, and the** claims for relief ~~and cause of action herein arise under the First, Fifth and Fourteenth Amendments of the United States Constitution. 42. U.S.C. § 1983, and~~**fall under** the common law of the Commonwealth of Pennsylvania~~, as they involve the same set of facts and occurrences~~.").[2]

Defendants removed the second action, and this Court issued a Show Cause Order highlighting its "duty to examine . . . subject matter jurisdiction at all stages of the litigation *sua sponte*," and stating that "Defendants' removal theories present[ed] substantial questions under the well-pleaded complaint rule." *See* Order dated Jul. 20, 2009 (Doc. 7) in 09-814 at 1 (citations and internal quotations omitted).

Defendants have responded to the Court's Show Cause Order, in conjunction with their Motions to Dismiss, and these matters now are ripe for adjudication.

## ANALYSIS

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal [question] jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." Berne Corp. v. Government of The Virgin Islands, 570 F.3d 130, 136 (3d. Cir. 2009) (citation to

---

[2] In their Notice of Removal, Defendants assert that Plaintiffs filed an "Amended Complaint" in the Common Pleas Court, "without seeking prior leave of court or consent of the Defendants, in violation of Pennsylvania Rule of Civil Procedure 1033." *See id.* at ¶ 9. Because the purported amended complaint "does not change the substance of [Plaintiffs'] claims," *id.*, the District Court need not address the filing here.

quoted source omitted).  Under this standard, "there can be no removal on the basis of a federal question unless the federal law under which the claim arises <u>is a direct and essential element of the plaintiffs['] case</u>."  In re Community Bank of Northern Virginia, 418 F.3d 277, 293 (3d Cir. 2005) (citations omitted, emphasis added).  Because "[r]emoval statutes are . . . strictly construed, with all doubts . . . resolved in favor of remand," Defendants bear "a heavy burden of showing that" this action "is properly [in] federal court."  Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (citations omitted).

Like the Complaint in Civil Action Number 09-385, Plaintiffs' pleadings here are, to put it kindly, less than a picture of clarity.  *Cf.* Defs.' Br. (Doc. 11) at 2 ("the Complaint is nearly impossible to decipher," containing "[a] stream of consciousness presentation [that] denies . . . Defendants notice of specific causes of action").  It remains Defendants' burden, however, to identify claims under which "federal law . . . is a direct and essential element," and they have failed to do so.

Count I alleges "loss of all economic benefit," and many of its contentions involve Defendants' purported selective targeting and enforcement of regulations, codes and ordinances.  *See, e.g.*, Pls.' Compl. in 09-814 at ¶¶ 25, 27, 28, 30(c)(1)-(2), 32(a), 34(e)-(f).  Although Count I contains references to legal standards often implicated under Section 1983, the Count also specifically cites "[the] common law of . . . Pennsylvania," as well as legal theories that may be actionable under the Pennsylvania Constitution.  *See id.* at ¶ 34; *compare id.* at ¶¶ 25, 30(c)(2) (Defendants "targeted" Plaintiffs through "selective . . . enforcement," in effort to "persecute" them through state proceedings) *with, e.g.*, Ruchka v. Husfelt, 2008 WL 2682686, *9 (W.D. Pa. Jul. 1, 2008) (Schwab, J.) (state law action for malicious prosecution is not defeated by potential claims under Section 1983); *compare also* Compl. at ¶¶ 26, 34(b) (referencing "eminent domain"

4

and "compensable taking[s]") *with* Machipongo Land & Coal Co., Inc. v. Dept. of Envt. Res., 719 A.2d 19, 23 (Pa. Commw. 1998) ("Article 1, Section 10 of the Pennsylvania Constitution expressly provide[s] that private property may not be taken under the powers of eminent domain . . . without payment of just compensation").

The remaining Counts in the Complaint likewise may, and arguably must, be construed under state law. *See, e.g.*, Compl. at Count II & ¶ 52 (alleging that Defendants "conspire[ed] . . . to tortuously [sic] interfere with and commercially disparage" Plaintiffs, "as defined by Pennsylvania common law"); *id.* at Count III (alleging invasion of privacy, actionable under Pennsylvania common law); *id.* at Count IV (trespass); *id.* at Count V (negligence); *and id.* at Count VI (conversion).

On the whole, Plaintiffs have made clear their intention to rely only on state law in pursuing this action. *See* discussions *supra* (noting Plaintiffs' deliberate omission of 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and their repeated references to state common law); *see also* Ruchka, 2008 WL 2682686 at *4 ("[t]he well-pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law") (citation to quotes source omitted). That Plaintiffs' counsel neglected to omit all potential remnants of their federal claims is not determinative. *See* Club Comanche, Inc. v. Government of Virgin Islands, 278 F.3d 250, 259 (3d Cir. 2002) ("[a] plaintiff's . . . erroneous reference to federal law is not controlling") (citation omitted).

The decision in Ruchka is particularly analogous, and persuasive, given the circumstances presented here. In Ruchka, the plaintiff stated claims of false imprisonment, assault, battery, excessive use of force, negligence, and malicious prosecution, all purportedly under state law. *See id.* at *1. After extensive briefing regarding subject matter jurisdiction,

5

District Judge Arthur J. Schwab rejected the defendant's arguments (including the "artful pleading" standard referenced by Defendants in passing[3]) and held that Section 1983 did not preclude Plaintiffs' assertion of state law claims:

> Defendant . . . cannot claim complete preemption for [S]ection 1983 claims. . . . [citing cases].  Further, we find no evidence that Congress ever intended for 42 U.S.C. § 1983 to permit removal of state-law tort claims where the plaintiffs rely exclusively on state law.  Thus, although plaintiff['s] state-law tort complaint can be construed as asserting a claim under 42 U.S.C. § 1983, plaintiff[], nevertheless, ha[s] the right to proceed with [her] state-law tort claims in the Court of Common Pleas . . . .
>
> Defendant's assertion of substantial federal question jurisdiction over these state common law claims is equally unfounded. . . . Plaintiff[ has] explicitly disavow[ed] reliance on [federal law] in stating her Pennsylvania common law claims. . . .  The fact that plaintiff's state common law causes of action can be claimed as violations of the [federal Constitution] does not mean that they must be.  Pennsylvania's common law torts of false imprisonment, assault and battery, intentional and negligent use of force, and malicious prosecution existed long before [S]ection 1983 was enacted, and nothing in the language or history of that legislation suggests that Congress intended that any state claim that could possibly be pled as a federal civil rights claim must be so pled by a plaintiff.  Defendant has failed to meet his burden of proving federal question jurisdiction, and, therefore, this case must be remanded . . . .

*Id.* at *8-9 (numerous citations and internal quotations omitted).

---

[3] While two groups of Defendants have responded to the Show Cause Order, the later-filing group merely incorporates by reference the earlier-filing Defendants' responses. *See* Doc. 11 at 5 (incorporating other Defendants' jurisdictional arguments).  The Defendants who have responded devote less than one page to the "artful pleading" doctrine, and they cite decisions from district courts sitting in other circuits.  *See* Doc. 9 at 5-6.  Courts in this Circuit have taken a narrower view of the doctrine.  *See, e.g.*, Scott v. Sysco Food Serv. of Metro New York, L.L.C., 2007 WL 3170121, *5 (D.N.J. Oct 26, 2007) ("the artful pleading doctrine, construed broadly, may raise concerns of federal overreaching"; "[c]ourts have applied the artful pleading doctrine sparingly[,] and many have done so only in situations in which the state cause of action is completely preempted by federal law") (citations and internal quotations omitted); *see also* discussion immediately *infra* regarding Ruchka.

The observations in Ruchka apply here with equal force. Plaintiffs have made clear their intention to pursue only state law claims.[4] Irrespective of whether Plaintiffs' state law claims have merit,[5] all doubts must be resolved in favor of remand, and Defendants have failed to carry their heavy burden of showing that this action properly resides in federal court.

This brings the Court to the "elephant in the room," namely Plaintiffs' transparent attempt to side-step the dismissal of their prior lawsuit based on the failure to prosecute. The undersigned has every reason to believe that Plaintiffs' current claims are barred under the doctrine of claim preclusion (also known as *res judicata*). Under that doctrine, a subsequent action is barred if: (1) there was a final judgment on the merits in the first suit; (2) involving the same parties or their privies; and (3) the second suit is based on the same causes of action. *See* Elkadrawy v. Vanguard Group, Inc., -- F.3d --, 2009 WL 3172755, *2 (3d Cir. Oct. 6, 2009) (citation omitted).

---

[4] Although the parties in Ruchka were ordered to submit statements clarifying their positions regarding jurisdiction, *see id.* at *3, the Court sees little benefit in asking Plaintiffs to do so here. As Defendants note, courts generally will not permit plaintiffs to "precipitate a remand . . . to state court by amending the complaint to eliminate . . . federal claim[s]." *See* Doc. 9 at 4 (citations omitted). Short of amendment, this Court essentially must take the pleadings as it finds them, and Defendants have failed to support removal based on federal question jurisdiction. Defendants also have failed to identify, and the Court is unaware of, law requiring Plaintiffs to presently re-plead their Complaint, under Federal Rule 8 or otherwise. *See* discussion *supra* (noting lack of clarity in Plaintiffs' pleadings). The "well pleaded complaint" rule does not mean, literally, that Plaintiffs' claims must be "well pleaded" before the Court examines the sufficiency of removal, and requiring amendment would serve only to invite further efforts by Plaintiffs to eliminate perceived federal questions. In the end, the matter boils down to legal burden, its degree, and who carries it, and the applicable standards land squarely on Defendants. *See* discussions in text, *supra* and *infra*.

[5] In reaching its conclusions, the Court does not mean to suggest that Plaintiffs have asserted state law claims upon which relief may be granted. Rather, in the absence of federal question jurisdiction, the Court lacks authority to determine whether Plaintiffs' state law claims fail, or are futile, under Federal Rule 12(b)(6). *See* Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 214 (3d Cir. 1997) ("when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility"; "[w]hether the matter is justiciable under state law is a matter for the state court to decide") (citations omitted).

Under the circumstances presented here, this Court's dismissal for failure to prosecute under Federal Rule 41(b) constituted a "final judgment on the merits." *See, e.g.*, Color-Plus Leather Restoration Sys., L.L.C. v. Vincie, 2006 WL 2806892, *1-2 (3d Cir. Oct. 3, 2006) (affirming dismissal of second action, based on *res judicata*, after first action was dismissed for failure to prosecute) (citations omitted); Marin v. Department of Defense, 2005 WL 2009027, *1-2 (3d Cir. Aug. 23, 2005) (same); Bosley v. Chubb Inst., 516 F. Supp.2d 479, 482-84 (E.D. Pa. 2007) (dismissal for failure to prosecute under Federal Rule 41(b) constituted dismissal with prejudice, and therefore was entitled to *res judicata* effect) (citations omitted).[6] In addition, the current action involves "the same parties or their privies," and, notwithstanding Plaintiffs' prerogative to assert only state law claims, this lawsuit is based on the same "set of facts" as the previous one. *See* Elkadrawy, 2009 WL 3172755 at *3 ("same cause of action" inquiry "does not depend on the specific legal theory invoked, but rather the essential similarity of the

---

[6] Notably, each of the cases cited above were decided after the Supreme Court's opinion in Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001). Semtek held that, in cases founded in diversity jurisdiction, courts apply state law to determine whether a Rule 41(b) dismissal constitutes a ruling "on the merits" for the purposes of claim preclusion. *See id.* at 507-509; *see also id.* at 503 (depending on state law applied, "a judgment 'on the merits' is [not] necessarily a judgment entitled to claim-preclusive effect"). Semtek is inapposite because this Court dismissed the prior action through its exercise of federal question jurisdiction, and federal courts have long recognized that dismissals for failure to prosecute are with prejudice (unless otherwise noted), and therefore entitled to *res judicata* effect. *See* Toll Bros., Inc. v. Century Sur. Co., 2009 WL 754903, *2 n.5 (3d Cir. Mar. 24, 2009) ("[t]he preclusive effect of a judgment in a federal-question case is governed by uniform federal rule[s] of *res judicata*") (citation to quoted source omitted); Butler v. Department of Justice, 492 F.3d 440, 443 n.6 (D.C. Cir. 2007) ("a dismissal for failure to prosecute . . . functions as [a decision on the merits] for the purposes of claim preclusion") (citation omitted); Martin v. Akerson, 2009 WL 2848897, *5 (N.D. Ill. Aug. 31, 2009) ("[t]he preclusive effect of rulings made by a federal court exercising federal-question jurisdiction is determined according to federal law, . . . and a dismissal with prejudice for failure to prosecute operates as a final adjudication on the merits") (citations omitted); *cf. also generally* Holz v. Holz, 850 A.2d 751, 758 (Pa. Super. 2004) (under Pennsylvania law, where "the federal district court . . . issue[s] a final, valid judgment on the merits in a suit between the same parties," that judgment "[is] entitled to full faith and credit so long as the foreign court had jurisdiction and the defendant had the opportunity to appear and defend") (citation omitted, emphasis added).

underlying events giving rise to the various legal claims") (citation to quoted source omitted). The elements of claim preclusion appear fully satisfied.

The problem for Defendants, however, is the Supreme Court's clear and unequivocal determination that claim preclusion, like other defenses, cannot form a basis for removal. XF Enterprises, Inc. v. Basf Corp., 1999 WL 994007, *2 (E.D. Pa. Nov. 2, 1999) (citing Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998)); *accord* Russell v. Legal Aid Soc. of New York, 2006 WL 2853023, *1 (2d Cir. Sept. 29, 2006) (under Rivet, "a district court may not remove an action from a state court merely because of the preclusive effect of its earlier judgment"); Geo-Chevron Ortiz Ranch v. Woodworth, 2005 WL 1614651, *1 (S.D. Tex. Jul. 2, 2005) ("the Supreme Court has emphatically decreed that alleged claim preclusion by reason of a prior federal judgment provides no basis for federal jurisdiction") (citing Rivet).

Neither Defendants' reliance on Federal Rule 11 nor its policy arguments can overcome the Supreme Court's clear directive.  *See* cases cited immediately *supra*; *compare also* Defs.' Br. (Doc. 9) at 4-5 (suggesting that Plaintiffs' lawsuit may be dismissed as sanction under Rule 11) *with* Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1123 (7th Cir. 2001) ("a federal court may not apply Rule 11 to sanction the signer of a paper filed in state court") (citations omitted); *and compare* Defs.' Br. at 5 n.3 (making policy arguments against allowing plaintiffs "to delete a few words from their complaint and refile in state court") *with, e.g.,* Commercial Fed'l Bank v. Dorado Network Sys. Corp., 2005 WL 2218421, *5 (D. Neb. Sept. 13, 2005) ("This court is not . . . vested with the authority to rewrite federal statutes and thereby correct perceived inconsistencies or redefine its jurisdiction based on public policy arguments.  This court's jurisdiction is defined by Congress.").

For all of these reasons, the undersigned is constrained to recommend that this case be remanded to state court for want of subject matter jurisdiction. Although it may prove cold comfort for Defendants, the Court leaves them with the astute observations of District Judge Kathleen McDonald O'Malley in Snyder v. All-Pak, Inc.:

> [W]hile the Court may be tempted to retain the case so that it can reiterate its prior conclusions and address the continuing impropriety of [Plaintiffs'] reassertion of claims [already] resolved . . ., it may not do so.
>
> [T]hough the filing of the complaint in this action is disappointing and troubling to the Court, it cannot retain jurisdiction solely to enforce its own prior judgment. [While] the filing of the complaint clearly implies a belief on the part of [Plaintiffs] that the state court will neither enforce this Court's judgment, nor sanction [them] for their abuse of the judicial system, the undersigned has vastly more faith in [her] state court colleagues, and remands the case for a determination of those issues with confidence.

*Id.*, 2008 WL 3200618, *3 (N.D. Oh. Aug. 6, 2008).[7]

**CONCLUSION**

Defendants' Motions to Dismiss (Docs. 8 & 10) should be denied, and this case should be remanded to state court for lack of subject matter jurisdiction.

---

[7] Some of the Defendants would appear to share this confidence, having sought dismissal of the case in the Court of Common Pleas before it was removed. *See* Doc. 11 at 2 (in advance of removal, certain Defendants filed Preliminary Objections based on, among other things, doctrine of *res judicata*).

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 2, 2009.  Responses to objections are due by November 16, 2009.

October 19, 2009                                             s/Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States Magistrate Judge

cc (via email):

All Counsel of Record